UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DERRICK MICHAEL GRIFFIN**                           **CIVIL ACTION**

**VERSUS**                                            **NO. 16-4311**

**JOHN PEFFERKORN, ET AL.**                           **SECTION "F"(2)**

### FINDINGS AND RECOMMENDATION

Plaintiff, Derrick Michael Griffin, is a prisoner who filed the captioned suit pro se pursuant to 42 U.S.C. § 1983. He alleges that he was wrongfully disciplined after a deputy at the Lafourche Parish Correctional Center spread rumors that Griffin was offering to perform sex acts on other inmates. Record Doc. No. 1, Complaint, at ¶¶ IV, V.

By notice dated May 16, 2016, Record Doc. No. 2, the clerk of court required plaintiff to submit a filing fee or a completed application to proceed in forma pauperis within 21 days of the date of the notice. The record indicates that the clerk mailed this notice to plaintiff at the Concordia Parish Correctional Facility, where he was housed when the complaint was received. This notice has not been returned to the court in the mail, and no response from Griffin has been received. Griffin has not responded to the notice of deficiency.

Griffin has <u>not</u> notified the clerk or the court that his address has changed. All litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1. In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated March 28, 2016, and signed by plaintiff: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my

whereabouts and failure to do so may result in this action being dismissed with prejudice." Record Doc. No. 1, Complaint at ¶ VI.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Hulsey v. Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff is proceeding in this case in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

"[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to

prosecute." Lewis v. Hardy, 248 F. App'x 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

The court has attempted through the clerk's notice of deficiency to prompt plaintiff to provide the information necessary to prosecute his case. Plaintiff's failure to respond to the notice clearly reflects a failure on his own part to prosecute. His failure to comply with the clerk's notice and court rules establishes a clear record of delay or contumacious conduct, including the aggravating factor that it has been caused by and is exclusively attributable to plaintiff himself, justifying dismissal. See Torns v. State of Miss. Dept. of Corrections, 262 F. App'x 638, 639 (5th Cir. 2008); Raborn v. Inpatient Management Partners, Inc., 278 F. App'x 402, 404-05 (5th Cir. 2008).

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the magistrate judge's proposed findings and recommendation within fourteen (14) days from the date of service of this report. Plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to plaintiff that his objection should contain a short summary of the reasons that he failed to comply with the notice of deficiency. It is further suggested that he must also provide the court with the information requested in the notice of deficiency detailed above.

Griffin is advised that failure to file written objections to the magistrate judge's findings and recommendation may and probably will result in dismissal of his suit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## RECOMMENDATION

It is **RECOMMENDED** that, if the plaintiff, Derrick Michael Griffin, does not file written objections to these findings and recommendation, his complaint be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this ___27th___ day of June, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY PLAINTIFF
AT THE ADDRESS OF RECORD**

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.